IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brenda Faye Grubbs, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 4:09-cv-01942-TLW |
| Sea Mist Oceanfront Resort and City of Myrtle Beach, | ) |
| Defendants. | ) |

# ORDER

This action was removed to this Court from the Court of Common Pleas for Horry County, South Carolina on July 21, 2009. (Doc. # 1). Defendant Sea Mist Oceanfront Resort ("Sea Mist") filed a motion for summary judgment on March 25, 2010. (Doc. # 22). Plaintiff Brenda Faye Grubbs has not filed a response.

## FACTS

This is a premises liability case in which Brenda Faye Grubbs ("Plaintiff") alleges she was injured when she tripped over a manhole cover/water meter box on a sidewalk located in the vicinity of the Sea Mist Oceanfront Resort where she was vacationing at the time the injury occurred. Subsequently, Plaintiff filed this action against Sea Mist and the City of Myrtle Beach, alleging negligence, gross negligence, and recklessness. Sea Mist moved for summary judgment on the grounds that it did not own or control the allegedly defective condition and therefore owed no duty to the Plaintiff. For the reasons set forth below, Sea Mist's motion for summary judgment is GRANTED.

1

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the defendant is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As the party seeking summary judgment, the defendant bears the initial responsibility of informing this Court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This requires that the defendant identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex, 477 U.S. at 323; see also Anderson, 477 U.S. at 249.

Though the defendant bears this initial responsibility, the plaintiffs, as the nonmoving party, must then produce "specific facts showing that there is a genuine issue for trial." Fed R. Civ. P. 56(e); see Celotex, 477 U.S. at 317. In satisfying this burden, the plaintiffs must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists, Anderson, 477 U.S. at 252, or that there is "some metaphysical doubt" as to material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the plaintiffs must produce evidence on which a jury could reasonably find in their favor. See Anderson, 477 U.S. at 252.

In considering the defendant's motion for summary judgment, this Court construes all facts and reasonable inferences in the light most favorable to the plaintiffs as the nonmoving party. See Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990). Summary judgment is proper "[w]here the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita, 475 U.S. at 587 (1986) (internal quotations omitted).

Plaintiff has not responded or produced any evidence in opposition to Sea Mist's motion for summary judgment.[1] The fact, however, "that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996); see also Thomas v. Petro-Wash, Inc, 429 F. Supp. 808, 814-15 (M.D.N.C. 1977) ("[T]he plaintiff is not required to come forward with additional proof unless the defendant first establishes that the facts are other than as alleged in the plaintiff's complaint."). No response is required because the moving party has the burden of establishing that no genuine issue of material fact exists. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-61 (1970); Thornton v. Evans, 692 F.2d 1064, 1075 (7th Cir. 1982); Smith v. Hudson, 600 F.2d 60, 64 (6th Cir. 1979). Furthermore, the language in Rule 56 indicates that no response is required since the rule provides that summary judgment may be entered only "if appropriate" against an adverse party that merely relies on its own pleading rather than opposing a motion with evidence "showing a genuine issue for trial" exists. Fed. R. Civ. P. 56(e); see Thornton, 692 F.2d at 1074-75; White v. Thomas, 660 F.2d 680, 682-83 (5th Cir. 1981); Smith, 600 F.2d at 64. However, once the moving party meets its burden, the opposing party may not simply rely on its pleading to defeat a motion for summary judgment but must produce opposing evidentiary matter showing that there is a genuine issue of material fact. Fed R. Civ. P. 56(e); see Addickes, 398 U.S. at 159-60; Champion, 76 F.3d at 485; Smith, 600 F.2d at 64-65; 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2739 (3d ed.). Sea Mist has met its burden as the moving party in this

---

[1] The deadline for Plaintiff to file a response to Sea Mist's motion was April 12, 2010.

case. Therefore, summary judgment is appropriate.

## DISCUSSION

"In a negligence action, a plaintiff must show that (1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages." Moore v. Weinberg, 383 S.C. 583, 588, 681 S.E.2d 875, 878 (2009) (citing Madison ex rel. Bryant v. Babcock Ctr., Inc., 371 S.C. 123, 136, 638 S.E.2d 650, 656 (2006)). Sea Mist argues it did not owe a duty to Plaintiff in this situation. The question of "[w]hether the law recognizes a particular duty is an issue of law to be determined by the court." Ellis ex rel. Ellis v. Niles, 324 S.C. 223, 227, 479 S.E.2d 47, 49 (1996).

Ordinarily, "there is no common law duty to act." Jensen v. Anderson Cnty. Dep't of Soc. Serv., 304 S.C. 195, 199, 403 S.E.2d 615, 617 (1991). "Thus, a person usually incurs no liability when he fails to take steps to protect others from harm not created by his own wrongful conduct." Degenhart v. Knights of Columbus, 309 S.C.114, 116, 420 S.E.2d 495, 496 (1992) (citing Rayfield v. S.C. Dep't of Corr., 297 S.C. 95, 100, 374 S.E.2d 910, 913 (Ct. App. 1988)). Where an injury is caused by a dangerous or defective condition on the premises of real estate, whether a person has an affirmative duty to keep the premises in a safe condition or warn of dangers on the premises "depends in general upon his having control of the property." Dunbar v. Charleston & W.C. Ry. Co., 211 S.C. 209, 216, 44 S.E.2d 314, 317 (1947). Consequently, "[o]ne who controls the use of property has a duty of care not to harm others by its use." Miller v. City of Camden, 329 S.C. 310, 314, 494 S.E.2d 813, 815 (1997) (citing Dunbar, 211 S.C. at 216, 44 S.E.2d at 317; Peden v. Furman Univ., 155 S.C. 1, 19, 151 S.E. 907, 913 (1930)). "Conversely, one who has no control owes no

4

duty." Id. (citing Clark v. Greenville County, 313 S.C. 205, 210, 437 S.E.2d 117, 119 (1993)); see also Benjamin v. Wal-Mart Stores, Inc., 413 F. Supp. 2d 652, 656-57 (D.S.C. 2006) (holding that a Wal-Mart department manager and employee did not exercise sufficient control "to impose a legal duty to inspect and maintain safe premises").

Here, the undisputed evidence clearly establishes that Sea Mist did not own or control the manhole cover. The City of Myrtle Beach has admitted that the manhole cover "was owned solely by the City of Myrtle Beach on the date of the occurrence described in Plaintiff's complaint." City's Resp. to Sea Mist's Third Req. to Admit, November 10, 2009. Additionally, Leigh Meese who is the president of the company that operates Sea Mist Oceanfront Resort averred that Sea Mist "has never exercised control over the water meter box in question." Meese Aff. ¶ 5.

In light of the fact that Plaintiff has presented no evidentiary material to contradict Sea Mist's assertions, summary judgment in Sea Mist's favor is appropriate because it did not own or control the water meter box/manhole cover in question and therefore owed no duty of care to Plaintiff in this situation. See Miller, 329 S.C. at 314, 494 S.E.2d at 815. Absent a duty, Sea Mist cannot be liable on a negligence claim. See Benjamin, 413 F. Supp. 2d at 655 (stating that a plaintiff must set forth evidence of a legal duty "[i]n order to establish a claim for negligence").

It is therefore **ORDERED** that Defendant Sea Mist's Motion for Summary Judgment is **GRANTED**, and that judgment in favor of Sea Mist shall be, and hereby is, entered.

**IT IS SO ORDERED.**

<u>s/Terry L. Wooten</u>
TERRY L. WOOTEN
United States District Judge

October 20, 2010

Florence, South Carolina